## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:21-CR-4-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **EDWARD ALBERT PRYOR, JR.,** | |
| **Defendant.** | |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Edward Albert Pryor, Jr.'s motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (DE 47.) For the following reasons, the Court will deny his motion.

On July 19, 2021, the defendant pleaded guilty to: (1) Possession with Intent to Distribute 40 Grams or More of Fentanyl, in violation of 21 U.S.C. § 841; and (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). (DE 23.) The Court sentenced the defendant to a total of 120-months incarceration, assigning 60 months on each count to run consecutively. (DE 31.) He was further sentenced to five years of supervised release on each count to run concurrently. (*Id.*) Now, he moves to reduce his sentence on multiple grounds, which the Court will analyze in turn.

## I.     Rehabilitation Efforts

The defendant moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), the federal compassionate release statute. When reviewing a prisoner-filed motion for compassionate release, the Court must consider: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether a reduction is consistent "with applicable policy statements issued by the Sentencing Commission"; and (3) whether applicable 18 U.S.C. § 3553(a) factors support a reduction in the given circumstances. *See United States v. Jones*,

980 F.3d 1098, 1107–08 (6th Cir. 2020). While it appears that the defendant may have failed to exhaust his administrative remedies, his motion nevertheless fails on the merits.

The defendant argues that his rehabilitation efforts, such as participating in a "criminal lifestyle addiction program and . . . weekly bible study" and maintaining good behavior, constitute an extraordinary and compelling reason for compassionate release. (DE 47 at 5.) However, as the Government notes, the United States Sentencing Guidelines expressly state: "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason[.]" USSG §1B1.13(d); *see also United States v. Ruffin*, 978 F.3d 1000, 1004, 1009 (6th Cir. 2020) (stating that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release). Yet rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

The Court commends the defendant on his rehabilitation efforts. Further, he is correct that rehabilitation could be considered when assessing the § 3553(a) factors. But because he provides no additional evidence beyond those rehabilitation efforts, the Court cannot move past the first step of the compassionate release analysis. Case law clearly states that rehabilitation alone does not constitute an extraordinary and compelling reason warranting compassionate release. Accordingly, the defendant's argument on this basis fails.

## II.    Section 924(c) Challenge

Next, the defendant argues that his conviction under 18 U.S.C. § 924(c) was improper because he should have been charged and sentenced under § 922(g) (Unlawful Possession of a Firearm). In the alternative, he argues that his sentence under 18 U.S.C. § 924(c) should run concurrent to his sentence under 21 U.S.C. § 841(a)(1). He also appears to present a bare-bones argument that *United States v. Rahimi*, 144 S. Ct. 1889 (2024), precludes the Court

2

from upholding his § 924(c) conviction. But all these arguments have no merit because the defendant waived his right to attack his conviction and sentence in his plea agreement.

"Except for claims of ineffective assistance of counsel," the defendant agreed to waive "the right to attack collaterally the guilty plea, conviction, and sentence." (DE 24 at 4.) "It is well settled that a defendant in a criminal case may waive 'any right', even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (citing *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). "To be a valid waiver the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987)).

The Court found that the defendant entered into his plea agreement and waiver of these rights knowingly, intelligently, and voluntarily. (DE 23.) He has not presented a claim of ineffective assistance of counsel, nor did he object to the prosecution under § 924(c) before executing the plea agreement. Each argument that he invokes attacking his conviction and/or sentence was waived in his plea agreement. Further, a motion for compassionate release pursuant to § 3582(c)(1)(A) is not the appropriate venue to attack his conviction or sentence. Accordingly, the Court will not address these arguments on the merits.

For the aforementioned reasons, the Court hereby ORDERS that the defendant's motion (DE 47) is DENIED.

This 17th day of October, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY